# In the United States Court of Federal Claims

No. 14-100 C
Filed: February 6, 2014[*]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| INNOVATIVE MANAGEMENT CONCEPTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Best Value Procurement; <br> Standard of Review re: United States Government Accountability Office; <br> RCFC 12(b)(6) (failure to state a claim). |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND FINAL ORDER DISMISSING BID PROTEST COMPLAINT

On February 4, 2014, Plaintiff filed a Complaint requesting that the United States Court of Federal Claims rule that the United States Government Accountability Office's ("GAO") December 4, 2013 Decision in a prior bid protest involving Plaintiff lacked a rational basis and violated the Administrative Procedure Act, the Competition In Contracting Act, and FAR 8.405-2(c)(3). *See* Compl. [Dkt. 1] at 14 (Relief Requested). The Complaint also requests that the court enjoin the United States Army ("Army") from implementing the GAO Decision and reinstate Plaintiff as the awardee.

In the December 4, 2013 Decision, the GAO stated:

> In a *best value procurement*, there is no requirement that the source selection be made on the basis of lowest price unless the Solicitation so specifies, rather, price/technical tradeoffs may be made and the extent to which one may be sacrificed for the other is governed only by the test of rationality and consistency with the Solicitation's terms.

*Innovative Mgmt. Concepts, Inc.*, B-408070.2 (Dec. 4, 2013) (emphasis added).

After reviewing the record, the GAO concluded:

---

[*] On February 6, 2014, the court filed a sealed copy of this Memorandum Opinion and Final Order.

> [T]he SSA [Source Selection Authority] properly looked behind the adjectival ratings to identify qualitative differences that existed between the proposals. The protester has provided no basis to question the reasonableness of the SSA's determination that [the awardee]'s
>
> Accordingly, we have no basis to question the reasonableness of the agency's selection decision.

*Id.* at 5.

As a matter of law, the court is not bound by a GAO advisory opinion nor does it review GAO decisions for clear error. *See Health Sys. Mktg. & Dev. Corp. v. United States*, 26 Cl. Ct. 1322, 1325 (1992). Nor, in this case, does the court have a basis for determining that the GAO's decision was not "rational," given the highly deferential standard in "best value" procurements. *See Banknote Corp. v. United States*, 365 F.3d 1345, 1355 (Fed. Cir. 2004) ("It is well-established that contracting officers have a great deal of discretion in making contract award decisions, particularly when, as here, the contract is to be awarded to the bidder or bidders that will provide the agency with the best value."). Of course, the court may have jurisdiction over a bid protest complaint that alleged the Source Selection Authority's decision was unlawful or otherwise violated the Administrative Procedure Act. But, the February 4, 2014 Complaint fails to set forth a viable claim for relief under RCFC 12(b)(6) and insufficiently pleads facts necessary for the court to conclude it has subject matter jurisdiction. Moreover, the February 4, 2014 Complaint requested no viable relief in light of the fact that the new awardee has been on the job for two months and an injunction would irreparably injure essential technology support required at Fort Dix.

Accordingly, on February 6, 2014, the court convened a telephone conference to advise the parties that the February 4, 2014 Complaint must be dismissed for failure to state a claim for which relief may be granted. *See* RCFC 12(b)(6); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, at 233–34 (3d ed. 2004)) (internal quotations omitted)).

Therefore, the Clerk of the Court is ordered to dismiss the February 4, 2014 Complaint, without prejudice. If Plaintiff files a new complaint, the Clerk shall assign the case to the undersigned judge as a related case and waive the filing fee.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**